# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERPARFUMS LUXURY BRANDS, INC., *a New York corporation*,<br><br>*Plaintiff*,<br><br>v.<br><br>RENEE GABET and ANNIE OAKLEY ENTERPRISES, INC., *an Indiana corporation*,<br><br>*Defendants*. | Civil Action No. 1:23-cv-6269<br><br>**COMPLAINT**<br>Jury Demand |

## COMPLAINT

Plaintiff Interparfums Luxury Brands, Inc. ("Plaintiff" or "Interparfums") files this Complaint for declaratory judgment against Defendants Renee Gabet ("Gabet") and Annie Oakley Enterprises, Inc. ("Annie Oakley") (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Plaintiff's conduct does not infringe Defendants' alleged SUNSET trademark, constitute unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, or violate New York State trademark law.

2. This action arises out of Defendants' allegations set forth in its separate Complaint, initially filed in the United States Northern District of Indiana, later transferred to the Southern District of Indiana and amended, always identifying defendants Amazon.com, Inc. and John Does 1-50 (collectively, the "Indiana Defendants"). **Exhibit A**, Defendants' Amended Complaint filed in the United States District Court for the Southern District of Indiana, Case No. 1:22-cv-02246 (Dkt. 22) ("Indiana Complaint") ¶ 1. Defendants' Indiana Complaint includes claims against all

Indiana Defendants for federal trademark infringement, false designation of origin and unfair competition under the Lanham Act, and state law claims for trademark infringement and unfair competition, arising from, among other things, the sale of perfume under the brand "COACH DREAMS sunset" in the United States. Plaintiff manufactures the "COACH DREAMS sunset" perfume at issue and sells it in the United States, including in this District. On information and belief, it is one of the 50 John Doe Indiana Defendants named in Defendants' Indiana Complaint. Plaintiff denies that its "COACH DREAMS sunset" perfume infringes or otherwise violates any rights of Defendants.

## PARTIES

3. Plaintiff is a New York corporation with its principal place of business located at 440 Park Avenue, New York, New York 10016.

4. Defendant Gabet resides in Ligonier, Indiana and owns Defendant Annie Oakley. Indiana Compl. ¶ 5.

5. Defendant Annie Oakley is an Indiana corporation with its principal place of business located at 300 Johnson St., Ligonier, Indiana 46767. Indiana Compl. ¶ 5.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment pursuant to 15 U.S.C. §§ 1117 and 1125, *et seq.* (the "Lanham Act") and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, jurisdiction exists under 28 U.S.C. § 1332.

8. This Court may exercise personal jurisdiction over Defendants because of Defendants' systematic contacts with and purposeful availment of this forum. Upon information and belief, Defendants have solicited customers in this judicial district by selling, offering for sale, and marketing their products on "nationwide news broadcasts on television and the Internet,"

including through the website at www.annieoakley.com. Indiana Compl. ¶ 11. Further, Annie Oakley sells its products "through its world-wide network of over 1,000 dealers." *Id.* Defendants also have continuously used their trademarks including in catalogs "distributed to thousands of customers and dealers in every state in the US…" *Id.* at ¶ 15.

9. Venue of this action is proper in the Southern District of New York under 28 U.S.C. §§ 1391(b)(2)-(3), (c)(2) because, based on information and belief, a substantial part of the events giving rise to this action occurred in this judicial district, and Defendants or their agent(s) are subject to personal jurisdiction in this District.

10. An actual case or controversy has arisen between the parties. Defendants filed the Indiana Complaint asserting that Plaintiff's (identified as a John Doe defendant in the Indiana Complaint) use of the trademark "COACH DREAMS sunset" for perfume infringes on their alleged trademark SUNSET and constitutes false designation of origin and unfair competition.

**STATEMENT OF FACTS**

**I. Defendants' Action Pending in the Southern District of Indiana Against Amazon, Inc. and John Does**

11. On January 20, 2022, Defendants filed a Complaint against Amazon, Inc. ("Amazon") and 50 John Doe Defendants ("Doe Defendants"), asserting claims for federal trademark infringement, false designation of origin and unfair competition under the Lanham Act, and unfair competition or use of an advertising idea in the United States District Court for the Northern District of Indiana.

12. Gabet and Annie Oakley alleged that the Doe Defendants "are persons or entities that from whom Amazon acquires infringing products to list, advertise and sell. Amazon knows the true identity of these infringing co-conspirators, but their identities are unknown to [Gabet and Annie Oakley]. [Gabet and Annie Oakley] intend to file an amended complaint identifying them

when Amazon provides their identities." Indiana Compl. ¶ 9.

13. The Indiana Complaint asserts that Defendants notified Amazon of several allegedly infringing products in 2018 and that Amazon failed to take prompt action to cease infringing activity. Indiana Compl. ¶ 17.

14. The Indiana Complaint further claims that, in 2020, Defendants provided Amazon with a list of their trademarks which Amazon was allegedly infringing. This list included the trademark "SUNSET." Indiana Compl. ¶ 20.

15. On April 4, 2022, Amazon filed a motion to dismiss the Indiana Complaint, alleging that (i) the Indiana Complaint lacked plausible allegations regarding likelihood of confusion and trademark counterfeiting; (ii) the Indiana Complaint failed to allege that Amazon used the thirteen trademarks identified in the complaint; (iii) Annie Oakley is not the registrant of the trademarks at issue; and (iv) that the Indiana Complaint asserted an unrecognized claim for "use of advertising data."

16. On April 20, 2022, Amazon filed a motion to transfer the case to the Southern District of Indiana, which motion was granted on September 6, 2022.

17. In the interim, Gabet and Annie Oakley filed a First Amended Complaint, and, in response, Amazon filed a motion to dismiss it.

18. On November 21, 2022, the action was transferred from the Northern District of Indiana, but not without scathing admonishments from the Court regarding Defendants' procedural antics, including a reminder to Gabet and Annie Oakley that they "[have] not [had] the best of times on their southern journeys," referring to other cases filed by Defendants in the Southern District of Indiana, and that "their counsel was repeatedly chided by magistrate and district judge alike and fined $130,000.00 for discovery abuses." United States District Court for the Northern

District of Indiana, Case No. 1:22-cv-35, Opinion and Order (Dkt. 45) at 2.

19. On May 8, 2023, Gabet and Annie Oakley sought leave to file a Second Amended Complaint. As of the filing of this action, the Court in Indiana has not ruled on the motion for leave to amend.

**II. Plaintiff's Product, "COACH DREAMS sunset"**

20. Interparfums is a subsidiary of Interparfums SA, which, since 1982, has been a leading developer, manufacturer, and distributor of perfume and cosmetic products for designers and brands.

21. Interparfums is the exclusive worldwide licensee for many well-known brands such as Boucheron, Coach, Jimmy Choo, Karl Lagerfeld, Kate Spade, Moncler, Montblanc, and Van Cleef & Arpels. Interparfums also owns Lanvin fragrances and the Rochas brand.

22. Interparfums sells its products in over 120 countries around the world.

23. Interparfums has an agreement with Coach IP Holdings LLC ("Coach") to develop and sell several products under the iconic COACH brand, which is owned by Coach, including the "COACH DREAMS sunset" perfume.

24. Interparfums has sold "COACH DREAMS sunset" perfume in the U.S. since at least as early as 2021.

25. An image of a photograph that depicts the "COACH DREAMS sunset" eau de parfum from the COACH website at https://www.coach.com/products/dreams-sunset-eau-de-parfum-40-ml/C5198.html is shown below.

Case 1:23-cv-06269   Document 1   Filed 07/20/23   Page 6 of 13



26.     An image of the Amazon listing for "COACH DREAMS sunset" that Defendants included in their Indiana Complaint is shown below.



27.     Gabet and Annie Oakley could have easily identified Interparfums as the source of the "COACH DREAMS sunset" perfume with a modicum of internet research.  Despite the ease of identification, Gabet and Annie Oakley failed to identify Interparfums as the source of the accused "COACH DREAMS sunset" product and as one of the Doe Defendants in any of their three iterations of the Indiana Complaint.

6

28. In failing to identify Interparfums as a defendant, Gabet and Annie Oakley deprived Interparfums of its due process right to defend against the claims asserted in the Indiana Complaint.

29. Interparfums only recently learned of the Indiana Complaint from Amazon, to whom Interparfums sells the accused "COACH DREAMS sunset" perfume.

### III.    Defendants' SUNSET Products

30. Defendant Annie Oakley offers a variety of health and beauty products, including "perfumes, essential oils, lotions, oils, shampoos, conditioners, [and] bath salts." Indiana Compl. ⁋ 10. Defendant Gabet designs Annie Oakley's fragrances. *Id.*

31. Defendant Gabet owns over sixty federal trademark applications and/or registrations, including two registrations for SUNSET:

- U.S. Reg. No. 2547492 for SUNSET covering body powders, bath gels, soaps for skin, face, body, and bath, and body lotions in International Class 3; and

- U.S. Reg. No. 2024708 for SUNSET covering cologne in International Class 3. Indiana Compl. at 4.

32. Reproduced below is an image of Defendants' fragrance bearing the trademark SUNSET, captured from the website www.annieoakley.com (last visited June 26, 2023).



### IV. There is No Likelihood of Confusion Between Plaintiff's "COACH DREAMS sunset" Perfume and Defendants' "ANNIEOAKLEY Sunset" Fragrance

33. Plaintiff's use of the mark "COACH DREAMS sunset" in connection with its perfume is not likely to cause confusion, mistake, and/or deception among the purchasing public with Defendants or any of their products.

34. Plaintiff's use of the mark "COACH DREAMS sunset" for perfume does not infringe on Defendants' alleged mark SUNSET in view of the differences between the overall marks and the vastly different ways they are used on the parties' respective products and their packaging.

35. Defendants appear to always use the term "Sunset" in close association with the trade name and mark "ANNIEOAKLEY" and the "AO" logo for their fragrance spray product. *See* ¶ 32, *infra*. The goods are packaged in purple boxing bearing a large floral design shown within a window-frame-like setting. *Id.* The bottle for the spray fragrance is pear-shaped, semi-opaque, and topped by a relatively ordinary appearing round bronze cap. *Id.*

36. Plaintiff uses the mark "COACH DREAMS sunset" for perfume sold in bottling and packaging which bears absolutely no resemblance to the trade dress used by Defendants. The box containing Plaintiff's product prominently bears the world-famous trademark COACH and the brand's iconic horse-drawn carriage design. *See* ¶25, *infra*. The bottle for the perfume also includes the same carriage design and the COACH brand as part of the overall product mark "COACH DREAMS sunset," both displayed in a raised white beveled square. *Id.* Both the box and the bottle feature pink and white coloring. *Id.* The pink gold box with glitter further includes whimsical drawings, including the stars and planets displayed on the border of the front panel and along the sides. *Id.* The perfume itself is contained within a rectangular shaped bottle, which has beveling toward the bottom and a narrow pedestal underneath; the glass of the bottle is lacquered with pink and orange gradient evoking changing skies. *Id.* The bottle tapers inward toward the top, which features a stitched pearl white leather cylinder and a gold flower-shaped cap. *Id.* The branding creates a dreamy spirit of magical possibilities on the horizon, entirely lacking from the old-fashioned look of the Annie Oakley product.

37. As befits a luxury fragrance sold under the famous COACH brand, and packaged in bottling with such attention to detail, Plaintiff's product cost more than twice as much as Defendants' product. A 40 ml bottle of Plaintiff's "COACH DREAMS sunset" perfume retails for around $72.00. A printout of the webpage at https://www.coach.com/products/dreams-sunset-eau-de-parfum-40-ml/C5198.html is attached as **Exhibit B**. Defendants advertise their 40 ml SUNSET fragrance on their website for $32.99. A printout of the webpage at https://www.annieoakley.com/category/65/sunset is attached as **Exhibit C**. The difference in price points mitigates any likelihood that relevant consumers will be confused between the parties or their respective products.

38. The parties' respective products are also sold through different channels of trade. Plaintiff's "COACH DREAMS sunset" perfume is sold in the U.S. through Amazon, the COACH website at https://www.coach.com, and major department stores and retailers, including Macy's, Dillard's, Belk, Von Maur and Ulta. By contrast, on information and belief, Defendants appear to sell their perfumery to local, independent retailers. The differences between the channels of trade where the goods are sold make confusion between the marks highly unlikely.

39. Despite ownership of federal registration of the mark SUNSET, there are numerous other marks, including the term SUNSET covering perfumes, fragrances and similar goods in Class 3 on the Principal Register of the U.S. Patent and Trademark Office. A printout listing more than ten such registrations is attached as **Exhibit D**. The co-existence of such registrations suggests that any rights that Defendants own are extremely weak and that their alleged mark is entitled to only a narrow scope of protection.

40. Plaintiff is unaware of any actual consumer confusion between its product and Defendants or with Defendants' products.

41. Plaintiff had no intention of adopting, and did not adopt, Defendants' mark.

42. For the reasons set forth, Plaintiff's "COACH DREAMS sunset" perfume is not likely to cause confusion, and thus, Plaintiff has not infringed on any trademark rights of Defendants related to the mark SUNSET.

## COUNT I

### Declaratory Judgment of Non-Infringement of Trademark Rights

43. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

44. This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

45. An actual justiciable controversy of sufficient immediacy exists in realized threats of litigation, as evidenced by the Indiana Complaint, to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendants' alleged trademark rights in their mark SUNSET.

46. There is no likelihood of confusion, mistake, or deception among consumers as to whether Plaintiff and/or its products are associated with, sponsored by, or affiliated with Defendants, or vice versa, because of, among other things, the overall differences between the marks in sight, sound, and commercial impression. Furthermore, Plaintiff's and Defendants' respective products are not sold through the same channels of trade, and they are sold at different price points. Defendants' mark also peacefully co-exists on the federal Register and in the marketplace with other marks, including the term "SUNSET" for the same or closely related goods. As such, Plaintiff's use of the mark "COACH DREAMS sunset" does not and will not infringe upon the trademark rights claimed by Defendants.

47. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue to market and sell its "COACH DREAMS sunset" perfume in the manner set out in this Complaint.

48. Accordingly, Plaintiff is entitled to a judgment from this Court declaring that its use of the mark "COACH DREAMS sunset" does not infringe any rights allegedly held by Defendants under 15 U.S.C. §§ 1114 and 1125, or any state law concerning trademark infringement or unfair competition.

## COUNT II

### Declaratory Judgment: Exceptional Case Under 15 U.S.C. § 1117(a)

49. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

50. This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51. To bring a claim for trademark infringement, Defendants must show that their mark is protected and that Plaintiff's use of the allegedly infringing mark would likely cause confusion, mistake, or deception.

52. Defendants' Indiana Complaint contains baseless allegations concerning Plaintiff's purported infringement of any trademark rights owned by Defendants.

53. Plaintiff is entitled to a declaration that this is an exceptional case under 15 U.S.C. § 1117 and that it is entitled to an award of costs and reasonable attorney fees in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. An Order declaring that:

1. Plaintiff's use of the mark "COACH DREAMS sunset" does not infringe any trademark rights owned by Defendants;

2. Defendants are not entitled to recover any damages by virtue of any use of the mark "COACH DREAMS sunset" by Plaintiff or Plaintiff's customers; and

3. Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with each, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiff or anyone in privity with Plaintiff (including distributors, customers, including, but not limited to, Amazon, and other downstream purchasers) with respect to Plaintiff's use of the mark "COACH DREAMS sunset."

B. An award to Plaintiff of its attorney fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117.

C. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial on all issues so triable by jury.

Dated: July 20, 2023

Respectfully submitted,

LEASON ELLIS LLP

_____
Peter S. Sloane (PS7204)
Robert M. Isackson (RI4303)
Emily A. Rice (*pro hac vice* forthcoming)
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email: sloane@leasonellis.com
isackson@leasonellis.com
rice@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Plaintiff*