UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
INTERPARFUMS LUXURY BRANDS, INC.,

                    Plaintiff,                                          23 cv 6269 (PKC)


        -against-
                                                                        ORDER


RENEE GABET and ANNIE OAKLEY
ENTERPRISES, INC.,

                    Defendants.
----------------------------------------------------------x
CASTEL, U.S.D.J.:

        Plaintiff Interparfums Luxury Brands ("Interparfums") brings this action against

Renee Gabet and Annie Oakley Enterprises, Inc. (collectively, "AOE") seeking declaratory

judgment that its conduct does not infringe AOE's SUNSET trademark and that the case is

exceptional, thereby justifying an award of attorneys' fees. 15 U.S.C. §§ 1117 and 1125, et seq..

        Presently pending in the United States District Court for the Southern District of

Indiana, Case No. 1:22-cv-02246 JPH-MKK, is an action brought by AOE for federal trademark

infringement, false designation of origin and unfair competition under the Lanham Act, and state

law claims for trademark infringement and unfair competition, arising from, among other things,

the sale of an array of personal care or body care products (the "S.D. Indiana Action").

Amazon.com, Inc. ("Amazon") is the only named defendant in the S.D. Indiana Action, but

Interparfums alleges that it is one of the 50 John Doe defendants in that action.  (Complaint, ¶ 2;

ECF 1.)  The products that Interparfums markets and sells in the U.S. are only a portion of the

products at issue in the S.D. Indiana Action.

AOE moves to dismiss this action or, in the alternative, transfer the action to the Southern District of Indiana, for the convenience of the parties, the witnesses and in the interests of justice.  28 U.S.C. § 1404(a).  For reasons to be explained, the motions will be denied.

THE S.D. INDIANA ACTION

In the S.D. Indiana action, AOE alleges that over sixty of its trademarks have been infringed by Amazon and the 50 John Doe defendants.  In the case of two of those trademarks, AOE's Sunset trademarks, it alleges that three different personal care or body care products of different origins and appearance infringe the Sunset mark.[1]  One such product is Interparfums' COACH DREAMS SUNSET, that retails for $82 for a 2 fl. Oz. bottle.  As noted, Interparfums is not named as a defendant.

The S.D. Indiana was originally filed by AOE in its home district, the Northern District of Indiana.[2]  Amazon moved to transfer the action to the Sothern District of Indiana where AOE had twice previously sued Amazon for trademark infringement.

Judge Holly A. Brady of the Northern District of Indiana granted the motion to transfer finding that AOE had engaged in forum shopping to avoid a forum in which it had been severely sanctioned:

> Forum shopping is obvious here. Plaintiffs filed two prior trademark infringement lawsuits in the Southern District naming Amazon as a defendant . . . . Annie Oakley I did not go well for Plaintiffs. They were fined $130,000.00 for repeated discovery abuses, a number that stuns the Court. They were prohibited from presenting evidence or argument at trial related to damages for failure to comply with a court order related to discovery. The court issued eight motions to compel against Plaintiffs. Judge Magnus-Stinson wrote that Plaintiffs' discovery conduct was "indescribable by words alone," suggesting that "exploding head emojis" would do a better job. Annie Oakley I, 2021 WL 2373779, at *18.

---

[1] AOE appears to assert that there are "approximately 34 Accused Product families" in the S.D. Indiana Action against Amazon. (S.D. Indiana, ECF 193.)

[2]  AOE filed, however, in the South Bend Division, though the residence of the individual plaintiff and the headquarters of the corporate plaintiff was in the Fort Wayne Division to which the case was transferred.

(S.D. Indiana Action, ECF 45, at 8.)

Discovery is ongoing in the S.D. Indiana Action.

THE ACTION BEFORE THIS COURT

The action brought by Interparfums in this Court names only the two AOE defendants.  Unlike the S.D. Indiana Action, the Complaint pending before this Court contains images of both its COACH DREAMS SUNSET product and AOE's SUNSET NATURAL SPRAY.  (ECF 1, ¶¶ 25, 32.)  The Complaint alleges that there is little likelihood of confusion because of the use of the very different packaging of a different color, the different shape and style of the bottle, the Annie Oakley mark prominently displayed on the product, the different pricing and different channels of distribution and the weakness of the mark.  (Id. ¶¶ 36-39.)

MOTION TO DISMISS

The Complaint asserts two claims for relief: declaratory judgment of non-infringement and a declaration that this is an exceptional case within the meaning of 15 U.S.C. § 1117 justifying an award of attorneys' fees.

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  This action presents an actual controversy that arises under the Lanham Act, 15 U.S.C. § 1117 et seq.  This Court has subject matter jurisdiction to declare the rights and other legal relations of the parties.

The Declaratory Judgment Act confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." MedImmune, Inc. v. Genentech,

<u>Inc.</u>, 549 U.S. 118, 136 (2007) (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995)).

AOE urges that the Court exercise that discretion to dismiss the action.  The Court will consider

the five touchstones identified by the Second Circuit that a Court should consider before

entertaining a declaratory judgment action. <u>New York Times Co. v. Gonzalez</u>, 459 F.3d 160, 167

(2d Cir. 2006)

      1.  Whether the Judgment Will Serve a Useful Purpose
         <u>In Clarifying or Settling the Legal Issues Involved.</u>

      This action relates only to accused products sold by Interparfums with the

SUNSET mark.  There are numerous other products and marks at issue in the S.D. Indiana

Action.  True, the present action does not directly determine whether Interparfums' licensor,

Coach, Inc. and Coach Services, Inc. ("Coach"), infringes nor does it determine whether Amazon

infringes but it serves the useful purpose of resolving whether Interparfums infringes AOE's

SUNSET mark.

      2.  Whether a Judgment Would Finalize The Controversy and
         <u>Offer Relief From Uncertainty.</u>

      Neither the S.D. Indiana Action nor this action has the prospect of achieving

complete finality with the entry of a judgment.  This is because Interparfums is not a named as

party to the S.D. Indiana Action nor is its licensor, Coach.  But this action can and will decide

whether the products sold by Interparfums infringe the mark of AOE.  That determination is

likely to result in issue preclusion in any suit against the licensor or the alleged sales platform for

the product, Amazon.

3. Whether the Proposed Remedy is Being Used Merely for
   'Procedural Fencing' or a 'Race To Res Judicata.'

   Interparfums apparent purpose in bringing this action is the bona fide desire to
adjudicate the lawfulness of its conduct free from the burdens of litigating along with the many
of the marks and claims raised in the S.D. Indiana Action.  It is not named in that action and
would either need to move to intervene or root for the success of Amazon.

4. Whether the Use of a Declaratory Judgment Would Increase Friction Between
   Sovereign Legal Systems or Improperly Encroach on the
   Domain Of A State Or Foreign Court.

   This factor has no application to this action because both actions are pending in
federal court.

5. Whether There Is a Better or More Effective Remedy.

   Principally for the reasons stated in factor 3 above, there is not a better or more
effective remedy offered in the S.D. Indiana Action. As AOE puts it, "[b]ut for now, the Indiana
Action is only against Amazon, and if [AOE] prevails without Intraparfums [sic] being
substituted as a party, any ruling in the Indiana case will not be enforceable against Intraparfums
[sic]." (ECF at 26, p. 4.)  It expresses the intent to join Interparfums to the S.D. Indiana Action at
some convenient juncture.  (Id.)

   Considering each of the foregoing factors individually and in combination, the
Court declines to exercise its discretion to dismiss this declaratory judgment action.

Motion to Transfer

   Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in
the interest of justice, a district court may transfer any civil action to any other district or division
where it might have been brought."  28 U.S.C. § 1404(a).  Plaintiff's choice of forum should not

be disturbed unless the balance of the factors tips heavily in favor of a transfer.  See S-FER Int'l, Inc. v. Paladion Partners, Ltd., 906 F. Supp. 211, 213 (S.D.N.Y. 1995) (citing Dwyer v. General Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994)).  The burden of demonstrating the desirability of transfer lies with the moving party, who must "make a clear and convincing showing that the balance of convenience favors defendant['s] choice."  Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995).

The first question is whether this action is one that "might have been brought" in the district to which transfer is sought.  TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 172 (S.D.N.Y. 2009).  Interparfums is a Delaware corporation with its principal place of business in Manhattan.[3]  Defendant Annie Oakley Enterprises, Inc. is an Indiana corporation with its principal place of business in Ligonier, Indiana.  Defendant Renee Gabet is a resident of Ligonier, Indiana.  Ligonier is in Noble County which is part of the Northern District of Indiana.  Oakley's product at issue is sold throughout Indiana and elsewhere. (See, e.g., Ex. B to Overhauser Decl.)  The allegations in Interparfums' complaint in this District would also support personal jurisdiction and venue over an action against Annie Oakley Enterprises and Renee Gabet in the Southern District of Indiana under the residual venue provision, 28 U.S.C. § 1391(b)(3).[4]  In response to AOE's motion to transfer, Interparfums has not endeavored to refute AOE's claim that the action could have been brought in the Southern District of Indiana. The Court concludes that the action could have been brought in the putative transferee district.

Next, the Court considers the following factors in deciding whether to transfer under section 1404(a): "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the

---

[3] The Complaint ¶ 3 alleges that Interparfums is a New York corporation. The printout submitted by Interparfums reveals that it is in fact a Delaware corporation.  (Ex. J to Sloane Decl.)
[4] See, e.g. Complaint at ¶ 8. (ECF 1.)

convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)) (alteration in D.H. Blair). Other factors that are often considered are the (1) "the forum's familiarity with the governing law," and (2) "trial efficiency and the interests of justice, based on the totality of the circumstances." Scherillo v. Dun & Bradstreet, Inc., 684 F. Supp. 2d 313, 318 (E.D.N.Y. 2010) (Bianco, J.) (quoting Glass v. S&M NuTec, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006)). The district court has broad discretion in balancing these factors. See D.H. Blair, 462 F.3d at 106–07.

1. Interparfums' Choice of Forum

The choice of Interparfums to file suit in federal court in New York, where it is headquartered, is entitled to deference. Interparfums is a subsidiary of Interparfums SA, publicly traded on Euronext and registered in Paris, France with its "registered office" in that city. (Exs. H & I, Sloane Decl.) The parent distributes products in 120 countries. (Ex. J. to Overhauser Decl.) Interparfums has not engaged in forum shopping given that it is headquartered in Manhattan.

This factor tilts in favor of Interparfums.

2. The Locus of Operative Facts

There are several loci of operative facts. Interparfums launched the accused product COACH DREAMS in July 2021. (ECF 31 at 1.) Interparfums asserts that "the creation, development, and adoption of the name 'COACH DREAMS sunset' and the packaging and promotion of the fragrance product" are all activities that occurred in New York or Paris. (ECF 24 at 17.) Interparfums has submitted a photograph of an exemplar of its packaging of the

product at issue which identifies its place of origin as Interparfums, 10 Rue de Solferino, 75007 Paris. (Ex. O, Sloane Decl.)  The Product Development Manager for Interparfums S.A. is located in Paris, France. (ECF 24 at 16.)  The promotional activities of COACH DREAMS for the U.S. market have been centered in New York.

Courts in this district are split on the significance of where a product was developed.  Compare Atlantic. Recording Corp. v. Project Playlist, Inc., 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009) ("In an infringement action, one locus of operative facts is the place where the allegedly-infringing product was designed and developed.") with ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008)("[A]n argument regarding where alleged infringing trademarks were developed, designed, marketed or sold is simply not germane in regard to the locus of operative facts. . . .")  In this action, AOE is not accused of infringing any mark of Interparfums; rather, Interparfums seeks a declaration of non-infringement of AOE's marks.  Interparfums' products are sold in New York and Indiana and consumer confusion or lack of confusion occurred in both districts.

In the action now pending in the Southern District of Indiana, AOE alleges that all of its Research & Development, production, packaging, and distribution is done in Ligonier, Indiana, where defendant Gabet resides and Annie Oakley Enterprises has a storefront.  (AOE Complaint, ¶ 11.)  Ligonier, Indiana is located within the Northern District of Indiana not the Southern District of Indiana. It is not litigating in its home forum but in an adjacent district within the state.

The locus of operative facts is in Paris, New York, and Indiana. As between New York and Indiana, the balance tilts in neither direction.

3.  Convenience of Witnesses and Availability of Process

        The Court notes that there are direct flights between New York and Indianapolis, where the S.D. Indiana Action is located.

        Interparfums contends that most of its witnesses are located in New York where the only plaintiff is located: Pierre Desaulles, CEO; Marina Mamakos, VP of Marketing; Karla Aspiras, Senior Director and Counsel at non-party Tapestry, Inc., and Patrick-Robert Harriman of non-party Baron & Baron, responsible for development of the "COACH Dreams sunset" name, the product's packaging, and the product's marketing campaign.  Candice Gautier, Product Development Manager at Interparfums S.A., is located in Paris.

        AOE's witnesses are located in Indiana.  The action in the S.D. Indiana is in Indianapolis about a 2 ½-to 3 hour drive from Ligonier where defendant Gabet and Annie Oakley Enterprises, Inc. are located.  AOE points out that Gabet is 72 years old and suffers from back problems.  She is reportedly critical to the business operations that have only four employees.  AOE also cites the following potential witnesses: Ron Bojrab who resides in Fort Wayne, Indiana, and is CEO of an accounting firm; Becky Burke who lives and works in Ligonier, Indiana who has knowledge of the products of Annie Oakley Enterprises, including its SUNSET perfume; Kathy Minnich who performs graphic design services and marketing for AOE; Chuck Gabet who lives in Ligonier and works at AOE, and Vickie Musselman who "works in Ligonier, Indiana."  AOE asserts that each and every one of its witnesses would experience hardship in travelling to New York.[5]

        This is not a fraud action where scienter is a central issue and the importance of a witness's ability to testify live before the trier of fact is enhanced.  Travel may present

---

[5] Bojrab (responsibilities to business), Burke ("back problems" and care for parents), Minnich (lose time her from her sole source of income). Musselman ("significant problems with her knees") and Chuck Gabet (COPD and caregiver for grandchildren).

difficulties for each side's witnesses who may testify by video deposition and, if warranted, by simultaneous video transmission. Rule 43, Fed R. Civ. P.

This factor favor tips slightly in favor of AOE.

4. The Location of Relevant Documents

The location of relevant documents and relative ease of access to sources of proof weighs on the determination of whether to transfer, however, "[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." ESPN, Inc. v. Quicksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) (citing Angelov v. Wilshire Bancorp, No. 06 Civ. 4223, 2007 WL 2375131, at *4 (S.D.N.Y. Aug. 14, 2007)).

The documents are likely to be in electronic format or are otherwise easily transferable to this district. Accordingly, this factor weighs in favor of transfer but not substantially. See Millennium, L.P. v. Hyland Software, Inc., No. 03 Civ. 3900, 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003) ("Although it is likely that all relevant documents can be transported from state to state in some fashion, for purposes of deciding transfer, the fact that the documents are all currently located in Ohio favors transfer.").

This factor is neutral.

5. The Convenience and Relative Means of the Parties

Interparfums is a subsidiary of a publicly traded company and is larger and has greater means than AOE. Gabet is "the owner" of the Annie Oakley Enterprises. (ECF 1-1 at ¶ 5.) Annie Oakley Enterprises "sells its products at its Ligonier storefront, and through its world-wide network of over 1,000 dealers, and over the Internet." (Id. at ¶ 11.)

But this factor weighs neutrally in the analysis.  See <u>Hernandez v. Graebel Van Lines</u>, 761 F. Supp. 983, 989 (E.D.N.Y. 1991) (according factor little or no significance absent showing of disparity of means between corporate defendant and individual plaintiff).  True, Gabet is an individual, but this litigation is entirely focused on the successful corporate business she owns and operates.

The factor is neutral.

6.  <u>The Forum's Familiarity with the Governing Law</u>

This action is governed by the Lanham Act and the Declaratory Judgment Act.  It raises no issue under Indiana law.  This factor does not favor transfer.

7.  <u>Trial Efficiency and the Interests of Justice</u>

AOE argues rather inconsistently that the "[S.D.] Indiana Action will likely resolve before this action" but adds that "[t]here is no trial date in the Indiana Action and the pleadings have not closed."  (ECF  26, p. 9.)  From the multitude of products and marks at issue in the S.D. Indiana Action and the discovery issues that have already arisen, the Court notes with great respect (and sympathy) for the district judge presiding, it does not appear that a trial is just around the corner.  This Court has set a deadline for fact discovery in this action of May 31, 2024 and for expert discovery of July 24, 2024.

This factor weighs strongly against transferring this action to the Southern District of Indiana.

8.  <u>Balancing and the Interests of Justice</u>

AOE has failed to demonstrate by clear and convincing evidence that balancing all of the relevant factors raised in the submissions before the Court favor transfer to the Southern District of Indiana.  The interests of justice are best served by maintaining this action in the forum selected in good faith by the plaintiff, Interparfums.

<u>CONCLUSION</u>

The motion to dismiss or transfer venue to the Southern District of Indiana is DENIED.  The Clerk is requested to terminate the motion.  (ECF 21.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        March 12, 2024